**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Ronald M. Horwitz (005655)
rmh@jaburgwilk.com
Janessa E. Koenig (018618)
jek@jaburgwilk.com

Attorneys for Adam & Heidi Feingold
and Women's Medical Care, P.C.

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DONALD GOLEN and JEANETTE PILOTTE,<br><br>Debtors.<br>_____<br>ADAM F. FEINGOLD and HEIDI M. FEINGOLD, and WOMEN'S MEDICAL CARE, P.C.,<br><br>Movants,<br>vs.<br><br>DONALD GOLEN and JEANETTE PILOTTE, Debtors, and U.S. TRUSTEE,<br><br>Respondents. | In Proceedings Under Chapter 11<br><br>Case No. 3:14-bk-05372-DPC<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW FOR CONTINUANCE OF STATE COURT LITIGATION AND ORDER TO SHOW CAUSE HEARING** |

Movants Adam F. Feingold, Heidi M. Feingold and Women's Medical Care, P.C. ("Movants"), hereby move and apply to the Court for an order modifying the stay provided by 11 U.S.C. §362 and other stays to permit Movants to proceed with litigation which has been pending between Movants and the Debtors since 2010 in the Yavapai County Superior Court, including the liquidation of Movants' claims against the Debtors, and requiring the Debtor Jeanette Pilotte to transfer her shares of stock in Women's Medical Care, P.C. to Women's Medical Care, P.C. This Motion should be granted "for cause" because the parties have been

litigating their claims in the Yavapai County Superior Court for nearly four (4) years, and because substantial and dispositive rulings have been issued by the Superior Court to date. Further litigation is needed to obtain additional orders and relief from the State Court consistent with its prior decisions, as well as to liquidate the Movant's claims against the Debtors.

The relief requested is more particularly set forth in the following Memorandum of Points and Authorities, upon which this motion and application is based.

## MEMORANDUM AND POINTS OF AUTHORITIES

### I. Relevant Factual & Procedural Background.

1. Movant Women's Medical Care, P.C. ("WMC") was incorporated in Arizona on December 7, 1998. At the time of incorporation, one hundred (100) shares of stock in WMC were issued to Movant Adam F. Feingold.

2. In or about December, 2005, the Debtor Jeanette M. Pilotte ("Pilotte") and Movant Adam F. Feingold ("Feingold") entered into a written Shareholder Agreement effective as of January 1, 2002. Thereafter, on or about January 1, 2006, one thousand (1,000) shares of stock in WMC were issued to Feingold, and one thousand (1,000) shares of stock in WMC were issued to Pilotte.

3. On or about April 30, 2010, Pilotte resigned as an officer and director of WMC.

4. In or about June, 2010, WMC exercised its option to purchase Pilotte's shares of stock in WMC, however, Pilotte refused to deliver and/or endorse her shares of stock over to WMC.

5. On July 23, 2010, Pilotte filed a lawsuit in the Yavapai County Superior Court against Movants Adam F. Feingold, Heidi M. Feingold and WMC, Cause No. P1300CV2010-01242. Pilotte asserted for various claims for relief including breach of fiduciary duty, breach of contract, interference with business expectancies and contractual rights, specific performance, declaratory relief, judicial dissolution of WMC, and for the appointment of a receiver for WMC. The Movants filed various Counterclaims against Pilotte including breach

of duty, third party beneficiary liability, conversion, promissory estoppel, breach of contract, reformation, unjust enrichment / quantum meriut, and breach of the covenant of good faith and fair dealing.

6. Summary judgment motions were subsequently filed by the parties. On July 5, 2013, the Yavapai County Superior Court Judge denied Pilotte's summary judgment motions on her claims for relief, which disposed of all of Pilotte's claims. The Superior Court Judge also granted the Movants' motions for partial summary judgment.

7. The Superior Court specifically found and ruled that (a) WMC exercised its option to purchase Pilotte's shares of stock in WMC for zero dollars ($0.00); (b) that neither Feingold nor WMC were required to purchase Pilotte's shares of stock in WMC for any amount, including the $250,000 claimed by Pilotte; and (c) that Pilotte had refused to transfer her shares of stock in WMC to WMC.

8. Issues remain to be litigated in the Superior Court on the Movant's Counterclaims.

9. Subsequent to the Superior Court's ruling, Movants again demanded that Pilotte transfer her shares of stock in WMC to WMC. Pilotte refused to comply with the demand.

10. On October 15, 2013, WMC filed an Application for Order to Show Cause with the Superior Court, requesting that Pilotte be ordered to appear and show cause why the Court should not order her to forthwith assign, convey and transfer her stock certificate in WMC to WMC and to pay WMC's reasonable attorney's fees incurred in connection therewith.

11. Pilotte's refusal to transfer her shares of stock in WMC to WMC impairs and threatens to impair the value of the assets of WMC, as well as the conduct of the business of WMC. Specifically, WMC has been unable to (a) recruit a new physician to join the medical practice, as potential recruits have insisted on having an ownership interest in the practice; (b) WMC has been unable to sell stock to an existing member of the practice; (c) WMC has been unable to obtain a line of credit with US Bank, due to its insistence that all shareholders guaranty the line of credit; and (d) WMC has been unable to obtain equipment financing.

3

12. On January 28, 2014, Judge David L. Mackey of the Superior Court signed an Order to Show Cause, ordering Pilotte to appear on April 15, 2014 to show cause why the Court should not order her to forthwith assign, convey and transfer her stock certificate in WMC to WMC, and to pay WMC's reasonable attorney's fees incurred in connection therewith. See Order to Show Cause attached hereto as Exhibit "A" and incorporated herein by this reference.

13. The Debtors filed their Chapter 11 Petition for Relief on April 14, 2014, the day before the Order to Show Cause Hearing, staying the state court litigation and the Order to Show Cause Hearing.

14. Movants need to proceed with the pending state court litigation to (a) obtain the transfer of Pilotte's stock in WMC; and (b) to liquidate its claims and damages against the Debtors under its Counterclaims.

## II. **Legal Argument.**

Pursuant to 11 U.S.C. § 362(d), movants are entitled to relief from the automatic stay on either of two grounds: (1) for cause, or (2) the debtor has no equity and the property is not necessary to an effective reorganization. The Movants herein are entitled to relief from the Stay for cause. Cause may include the lifting of the automatic stay in the interest of judicial economy. *See Bendor Corp. v. Conejo Enters, Inc. (In re Conejo Enters, Inc.)*, 96 F.3d 356, 351 (9th Cir. 1996); *In re ABC Learning Centres, Ltd*, 445 BR 318 (Bankruptcy District Delaware 2010); *In re Ewald*, 298 BR 76 (Bankruptcy Eastern District Virginia 2002). "Cause" for lifting the automatic stay under 11 U.S.C. §362(d) has no clear definition and is determined on a case by case basis. *In Re Conejo Enters*, 96 F.3d at 352.

In determining whether cause exists to lift the automatic stay to allow a movant to pursue litigation in another forum, courts have considered the following factors: (1) whether any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the litigation; (2) whether the hardship to the non-debtor party from continuation of the stay

considerably outweighs the hardship to the debtor if the stay is lifted; and (3) the probability that the creditor will prevail on the merits. *In re ABC Learning Centres, Ltd.*, 445 BR 318.

The following factors exist in the present case, and warrant that the stay be lifted for judicial economy, and to avoid undue hardship on the Movants: (1) the litigation has been pending in the Superior Court for nearly four (4) years, and substantial dispositive rulings have been made; (2) Judge David L. Mackey is familiar with the pending issues and Order to Show Cause Hearing, as wells as with the issues which remain to be litigated; (3) failure to lift the stay will result in duplicity of work and expense, which will create an extreme hardship upon both the Movants and the Debtors, all of whom have incurred substantial fees and costs in the state court litigation to date; and (4) allowing the Superior Court to resolve the remaining issues, and to issue and enforce orders consistent with its prior rulings, will result in continuity and will avoid possible contrary decisions. Movants are not aware of any prejudice to the Debtors or to the Bankruptcy Estate if the stay is lifted and the litigation is completed in the Yavapai County Superior Court.

### III. Request for Relief.

Based upon the foregoing, the Movants respectfully requests that this Court lift the automatic stay pursuant to 11 U.S.C. §362(d)(1) and allow Movants to continue with the pending litigation and Order to Show Cause before the Yavapai County Superior Court, Cause No. P1300CV2010-01242.

RESPECTFULLY SUBMITTED this 11th day of June, 2014.

**JABURG & WILK, P.C.**

/s/ Ronald M. Horwitz
Ronald M. Horwitz
Janessa E. Koenig
Attorneys for Movants

Original of the foregoing filed via ECF
This 11th day of June, 2014

Copies of the foregoing mailed this 11th
Day of June, 2014 to:

Donald Golen
Jeanette Pilotte
4665 W. Phantom Hill Road
Prescott, AZ 86305

Thomas Allen, Esq.
Allen, Sala & Bayne, PLC
1850 N. Central Ave., #1150
Phoenix, AZ 85004
Attorney for Debtors

U.S. Trustee
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003

Jennifer A. Giaimo, Esq.
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706
Attorney for U.S. Trustee

List of 20 largest creditors as set
Forth on Exhibit "B" hereto

/s/ Linda M Cole

# EXHIBIT A

Mark N. Goodman/5124
**GOODMAN LAW FIRM**
P.O. Box 2489
Prescott, AZ 86302-2489
928/445-3230
mark@goodmanlaw.com
www.goodmanlaw.com
Attorneys for Women's Medical Care, P.C.

## SUPERIOR COURT OF ARIZONA

## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| JEANNETTE M. PILOTTE, a married woman<br>　Plaintiff,<br>vs.<br>ADAM F. FEINGOLD and HEIDI M. FEINGOLD, husband and wife; WOMEN'S MEDICAL CARE, P.C., an Arizona professional corporation,<br>　Defendants.<br>and related actions. | Case No. P1300CV2010-01242<br>(Assigned to the Hon. David L. Mackey)<br><br>**ORDER TO<br>SHOW CAUSE** |

Cause appearing from the verified application of Defendant Women's Medical Care, P.C., and pursuant to Rule 6(d), A.R.*Civ.*Proc., **IT IS HEREBY ORDERED** that you, Jeannette M. Pilotte, appear at the time and place designated below and show cause why the relief should not be given which is requested in the *Application For Order To Show Cause*, the original of which has been filed with the Clerk of this Court. The relief requested is that Jeannette M. Pilotte appear at a designated time and place and show cause why the Court should not then and there enter a judicial order, declaration, decree and judgment:

-1-

A. Ordering Jeannette M. Pilotte to forthwith assign, convey and transfer her stock certificate in Women's Medical Care, P.C., an Arizona corporation, to Women's Medical Care, P.C., an Arizona corporation; and

B. Ordering Jeannette M. Pilotte to pay the reasonable attorney's fees of Women's Medical Care, P.C., an Arizona corporation incurred in connection with this proceeding; and

C. Ordering any other appropriate relief.

**IT IS FURTHER ORDERED** that that a true copy of this *Order to Show Cause* and a true copy of the verified application on which it is based be served upon the party who is required to appear in accordance with Arizona Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if you file a responsive pleading to this *Order To Show Cause*, you do so no later than fifteen (15) calendar days after service of this order upon you or upon your counsel and in the event any such pleading is not filed with these time limits, the same shall be deemed stricken.

BEFORE WHOM APPEARANCE TO BE MADE: Honorable David L. Mackey

DATE OF APPEARANCE: April 15, 2014

TIME OF APPEARANCE: 9:00 AM

PLACE OF APPEARANCE: Yavapai County Courthouse, Division 1, Prescott, Arizona 86301.

Done in Open Court this 30th day of ~~October, 2013~~ January, 2014.

*[signature]*

Honorable David L. Mackey

-2-

# Exhibit B

B6F (Official Form 6F) (12/07)

In re Donald Golen, Case No. 3:14-bk-05372-DPC
      Jeanette Pilotte
                                        Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H/W/J/C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>Adam F. and Heidi M. Feingold & Women's Medical Care, P.C.<br>1005 Division Street<br>Prescott, AZ 86301 | | C | counterclaim asserted in Yavapai County Superior Court, Case No. P1300CV201001242 | X | X | X | Unknown |
| Account No.<br><br>Mark N. Goodman, Esq.<br>GOODMAN LAW FIRM<br>P.O. Box 2489<br>Prescott, AZ 86302-2489 | | | Additional notice for<br>Adam F. and Heidi M. Feingold & Women's | | | | Notice Only |
| Account No.<br><br>Robert A. Royal, Esq.<br>Tiffany & Bosco<br>2525 E. Camelback, Third Floor<br>Phoenix, AZ 85016 | | | Additional notice for<br>Adam F. and Heidi M. Feingold & Women's | | | | Notice Only |
| Account No.<br><br>Women's Medical Care, P.C.<br>1005 Division Street<br>Prescott, AZ 86301 | | | Additional notice for<br>Adam F. and Heidi M. Feingold & Women's | | | | Notice Only |

  5  continuation sheets attached                                     Subtotal (Total of this page)       0.00

In re  Donald Golen,  
      Jeanette Pilotte

Case No. __3:14-bk-05372-DPC__

Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>Women's Medical Care, P.C.<br>c/o Goodman Law Firm PC<br>1575 Plaza West Drive, Suite A<br>Prescott, AZ 86303 | | | Additional notice for<br>Adam F. and Heidi M. Feingold & Women's | | | | Notice Only |
| Account No. xx3000<br><br>American Express<br>P.O. Box 981535<br>El Paso, TX 79998-1535 | X | C | potential personal liability for business debt | X | X | | 37,873.38 |
| Account No.<br><br>Bank of America<br>P.O. Box 660576<br>Dallas, TX 75266-0576 | X | C | potential personal liability for debt related to the real property (commercial) at 802 Ainsworth Drive, Prescott, AZ 86301 owned by G-P Family Ltd. Partnership | X | X | | Unknown |
| Account No. xxxx-xxxx-xxxx-5115<br><br>Bank of America<br>P.O. Box 982235<br>El Paso, TX 79998-2235 | | C | credit line | | | | 26,588.88 |
| Account No. 4611<br><br>BMW Card Services<br>P.O. Box 9488<br>Salt Lake City, UT 84109-0488 | X | C | personal liability for business expense | | | | 5,003.64 |

Sheet no. __1__ of __5__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)  69,465.90

In re  Donald Golen,  
　　　Jeanette Pilotte  
　　　　　　　　　　　　　　　　　　　　　　　　　Debtors

Case No. __3:14-bk-05372-DPC__

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H/W/J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxx4349<br><br>BMW Financial Services<br>P.O. Box 3608<br>Dublin, OH 43016-0328 | X | C | 10/2010<br>potential personal liability for debt related to 2011 BMW 335xi | X | X | | 20,000.00 |
| Account No. x4858<br><br>Cerner Healthcare Solutions<br>2800 Rockcreek Parkway<br>Kansas City, MO 64117 | | C | potential personal liability for debt owed by Women's Health & Wellness | X | X | X | 21,914.39 |
| Account No.<br><br>Law Offices of Nathan Neuman<br>700 Lake Drive<br>Ambler, PA 19002-5084 | | | Additional notice for<br>Cerner Healthcare Solutions | | | | Notice Only |
| Account No.<br><br>Land America<br>P.O. Box 2986<br>Phoenix, AZ 85062-2986 | X | C | potential personal liability for business debt related to the real property (commercial) at 802 Ainsworth Drive, Prescott, AZ 86301 owned by G-P Family Ltd. Partnership | X | X | | Unknown |
| Account No.<br><br>Loan Care<br>P.O. Box 8097<br>Virginia Beach, VA 23450 | | | Additional notice for<br>Land America | | | | Notice Only |

Sheet no. __2__ of __5__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) | 41,914.39

B6F (Official Form 6F) (12/07) - Cont.

In re  Donald Golen,
       Jeanette Pilotte
                                                Debtors

Case No. 3:14-bk-05372-DPC

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>Mervyn and Darlene Pilotte<br>1043 Lupine Lane<br>Prescott, AZ 86305 | | C | loan | | | | 90,000.00 |
| Account No.<br><br>Ocean Landings Condominium Association<br>900 North Atlantic Avenue<br>Cocoa Beach, FL 32931 | | C | potential deficiency balance due for foreclosed property | X | X | | Unknown |
| Account No.<br><br>Ocean Landings Condominium Association<br>c/o Harry Greenfield<br>150 Cocoa Isles Blvd., #101<br>Cocoa Beach, FL 32931 | | | Additional notice for<br>Ocean Landings Condominium Association | | | | Notice Only |
| Account No.<br><br>Richard Gerhardt, President/Director<br>Ocean Landings Condominium Association<br>830 N. Atlantis Ave, Apt. 1407-B<br>Cocoa Beach, FL 32931 | | | Additional notice for<br>Ocean Landings Condominium Association | | | | Notice Only |
| Account No.<br><br>Robert A. Shull, Esq.<br>Dickinson Wright/Mariscal Weeks<br>2901 N. Central Ave., Ste. 200<br>Phoenix, AZ 85012-2705 | | C | attorney's fees | | | | 104,000.00 |

Sheet no. 3 of 5 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) 194,000.00

B6F (Official Form 6F) (12/07) - Cont.

In re  Donald Golen,
      Jeanette Pilotte                                    Case No. 3:14-bk-05372-DPC

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxx2589<br><br>Seterus<br>P.O. Box 2008<br>Grand Rapids, MI 49501-2008 | X | C | potential personal liability for debt related to the real property (duplex rentals) at 135 Brush Street, Prescott, AZ 86301 owned by G-P Family Ltd. Partnership | | X | X | 252,489.92 |
| Account No. xxxxxx2721<br><br>Wells Fargo Home Mortgage<br>P.O. Box 10335<br>Des Moines, IA 50306 | X | C | potential personal liability for debt related to the real property (duplex rentals) at 791 Western Avenue, Prescott, AZ 86301 owned by G-P Family Ltd. Partnership | | X | X | 247,528.46 |
| Account No. xxxxxx2739<br><br>Wells Fargo Home Mortgage<br>P.O. Box 10335<br>Des Moines, IA 50306 | X | C | potential personal liability for debt related to the real property (duplex rentals) at 795 Western Avenue, Prescott, AZ 86301 owned by G-P Family Ltd. Partnership | | X | X | 256,186.36 |
| Account No.<br><br>Yavapai Regional Medical Center<br>Attn: Business Office<br>P.O. Box 53565<br>Phoenix, AZ 85072 | | C | line of credit | | | | 144,839.00 |
| Account No.<br><br>Yavapai Regional Medical Center<br>1003 Willow Creek Road<br>Prescott, AZ 86301 | | | Additional notice for Yavapai Regional Medical Center | | | | Notice Only |

Sheet no. 4 of 5 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)    901,043.74

In re  Donald Golen,
       Jeanette Pilotte
                            Debtors,

Case No. 3:14-bk-05372-DPC

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>Yavapai Regional Medical Center<br>7700 E. Florentine Road<br>Prescott Valley, AZ 86314 | | | Additional notice for<br>Yavapai Regional Medical Center | | | | Notice Only |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. 5 of 5 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) 0.00

Total (Report on Summary of Schedules) 1,206,424.03